1 Denise L. Díaz, SBN 159516
DIAZ LAW
2 P.O. Box 211444
3 Chula Vista, CA 91921
Telephone: (650) 208-0193
4 E-mail: denise@diaz-law.com

5
Phillip A. Bock
6 Jonathan B. Piper
Julia L. Titolo
7 BOCK & HATCH, LLC
8 134 N. La Salle St., Ste. 1000
Chicago, IL 60602
9 Telephone: (312) 658-5500
Fax: (312) 658-5555
10

11 Attorneys for Plaintiff Helping Hand
Caregivers Ltd., individually and as
12 the representative of a class of similarly-
13 situated persons

14
15           UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
16                   WESTERN DIVISION

| | |
|---|---|
| 17 HELPING HAND CAREGIVERS LTD., an Illinois corporation, individually and 18 as the representative of a class of 19 similarly-situated persons, 20 Plaintiff, 21 v. 22 23 DARDEN CORPORATION, a Florida corporation, MID WILSHIRE 24 CONSULTING, INC. d/b/a SOCIAL WELLNESS, a California corporation, 25 BRIAN J. KANG, GREG M. JONES, and JOHN DOES 1-12. 26 27 Defendants. 28 | MC No.: Action pending in the United States District Court for the Northern District of Illinois, Eastern Division, No. 1:14-cv-10127, Hon. Manish S. Shah NOTICE OF MOTION, MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS and MOTION TO TRANSFER; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT Judge: Date: Time: Place: |

# NOTICE OF MOTION AND MOTION

**TO THE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiff Helping Hand Caregivers, Ltd. ("Plaintiff") moves for an order requiring Defendant Greg M. Jones ("Jones") to comply with subpoenas issued on August 17 and 18, 2015, commanding him to produce documents and sit for a deposition. Pursuant to Fed. R. Civ. P. 45(f), Plaintiff also moves to transfer this Motion to Judge Manish S. Shah, who is presiding over the underlying action pending in the United States District Court for the Northern District of Illinois.

Despite having been properly served with the summons and complaint and the subpoenas, Jones has not appeared in the Illinois action and has ignored the subpoenas requesting documents and his deposition. This Motion is supported by the attached Memorandum of Points and Authorities, as well as the Declaration of Jonathan B. Piper.

Counsel for Plaintiff certifies that counsel attempted to contact Jones, including to meet and confer in good faith in attempt to resolve this disputed matter, before filing this motion. (*See* Declaration of Jonathan B. Piper in Support of Plaintiff's Motion to Compel, ("Piper Decl."), at ¶ 5.) Despite good faith efforts, Plaintiff's counsel was unable to obtain any response from Jones. (*Id.* at ¶ 6.)

Dated: January 27, 2016

Respectfully submitted,
DIAZ LAW
BOCK & HATCH, LLC

/s/ *Denise L. Díaz*
Denise L. Díaz
Attorneys for Plaintiff
HELPING HAND CAREGIVERS, LTD.

# TABLE OF CONTENTS

I.   PROCEDURAL AND FACTUAL BACKGROUND ............................... 1
    A.   Introduction ................................................................................. 1
    B.   The Illinois Action. ..................................................................... 1
    C.   Federal Rule 45 is Satisfied ......................................................... 2
    D.   Jones' Evasions. ......................................................................... 3
II.   LEGAL ARGUMENT ............................................................................ 3
    A.   The Court should order Jones to comply with the subpoenas and hold him in contempt if he continues to ignore Plaintiff's subpoenas. ................................................................. 3
        1.   The properly-issued subpoena has the same force as a court order. ............................................................................ 4
        2.   Jones should be ordered to show cause for failing to obey the subpoenas and held in contempt if he continues to ignore them. ..................................................... 5
        3.   The Court should order Jones to comply with the subpoenas or face sanctions. .............................................. 7
    B.   The Court should transfer this matter to the Northern District of Illinois for the Judge presiding over this case generally to enforce. .................................................................. 8
VI.   CONCLUSION ................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009 WL 605789 (C.D. Cal. Mar. 9, 2009) .................................................................................. 4, 6, 7

*Cunningham v. Connecticut Mut. Life Ins.*, 845 F. Supp. 1403 (S.D. Cal. 1994) ............................................................................................................. 3

*Darden Concepts, Inc. v. Mid Wilshire Consulting, Inc., d/b/a Social Wellness, et al.*, No. 15 CV 5716 (N.D. Ill.) ................................................. 9

*Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770 (9th Cir. 1983) ........................................................................................................... 5

*Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426 (N.D. Cal. 2014) ................................................................................. 8, 9

*Moore v. Chase, Inc.*, 2015 WL 5732805 (E.D. Cal. Sept. 29, 2015) ............... 7

*Morguita-Johnson v. City of Fresno*, 2015 WL 1021123 (E.D. Cal. Mar. 9, 2015) .................................................................................................... 4

*SEC v. Hyatt*, 621 F.3d 687 (7th Cir. 2010) .................................................... 4

*Sekaquaptewa v. MacDonald*, 544 F.2d 396 (9th Cir. 1976) .......................... 6

*Stone v. City and Cnty. of San Francisco*, 968 F.2d 850 (9th Cir. 1992) ........ 6

*U.S. Bank Nat'l Ass'n v. James*, 264 F.R.D. 17 (D. Me. 2010) ....................... 5

*Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, 2014 WL 3573400 (S.D. Cal. Jul. 18, 2014) ................................................................................................. 4

*Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133 (D.D.C. 2009) ............... 4

*Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320 (9th Cir. 1997) .......... 6

**Rules**

Fed. R. Civ. P. 45 ................................................................................. passim

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. Introduction.

This motion seeks to enforce two subpoenas issued to Greg M. Jones ("Jones) commanding him to produce documents and give deposition testimony. The underlying litigation is pending in the United States District Court for the Northern District of Illinois, Case No. 1:14-cv-10127 (the "Illinois Action), between Helping Hand Caregivers, Ltd. and Darden Corporation, Mid Wilshire Consulting, Inc. d/b/a Social Wellness, Brian J. Kang and Greg M. Jones. This motion is brought in this court pursuant to Fed. R. Civ. P. 45, which requires that motions to compel compliance with a subpoena or to hold a non-compliant person in contempt be brought in the court for the district where compliance is required. Although the underlying case is pending in the Northern District of Illinois, Jones resides and was commanded to appear for a deposition in the Central District of California.

### B. The Illinois Action.

Plaintiff Helping Hand Caregivers, Ltd. ("Plaintiff"), filed suit against Darden Corporation ("Darden"), Brian J. Kang ("Kang") and Mid Wilshire Consulting, Inc. d/b/a Social Wellness ("Social Wellness"), alleging that they violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, *et seq.* ("ICFA") by sending fax advertisements without first obtaining the recipients' prior express invitation or permission and without including the proper opt out notice required by the TCPA. Plaintiff brought the Illinois Action on behalf of itself and a putative class of similarly-situated persons. (Illinois Action, ECF No. 1.)

Darden moved to dismiss the claims against it, arguing that it was not responsible for the fax at issue and that Plaintiff's claims were properly

brought against Kang and Social Wellness. (*Id.*, ECF No. 22.) Judge Manish S. Shah denied Darden's motion to dismiss the TCPA claim, but dismissed Plaintiff's ICFA count. (*Id.*, ECF No. 30.)

Plaintiff and Darden engaged in preliminary written discovery. Darden produced documents and answers to interrogatories indicating that it was in negotiations with Jones, an account manager at Social Wellness, about a joint venture whereby Olive Garden—a national restaurant brand owned by Darden—would provide food and marketing assistance for Social Wellness' Lunch n' Learn seminars. The discovery also indicated that Darden and Jones communicated about the faxes. In light of that discovery, Plaintiff filed an amended complaint, adding Jones as a party defendant, and making clear that while "Social Wellness, Kang and Jones physically transmitted the faxes, or caused them to be transmitted[, t]he faxes were sent by or on behalf of all Defendants and the faxes advertised the commercial availability of all Defendants' goods, products or services." (*Id.*, ECF No. 36, ¶ 21.) Jones was served with Plaintiff's Amended Class Action Complaint on August 20, 2015 but has not appeared in the Illinois action. (*Id.*, ECF No. 51, attached as Piper Decl., Ex. 1.)

The two subpoenas Plaintiff seeks to enforce against Jones were issued in the Illinois Action on August 17 and 18, 2015 and served on Jones August 20, 2015. (Piper Decl., ¶¶ 4-5, Exs. 2 and 3.)

C.   Federal Rule 45 is Satisfied.

The Court should enforce the two subpoenas served on Jones. The general form and content of the subpoenas comply with Federal Rule 45(a). (*See* Piper Decl., Ex. 2.) Plaintiff provided notice of the two subpoenas by email and U.S. mail to Darden on August 17 and 18, 2015, pursuant to Fed. R. Civ. P. 45(a)(4).  (Piper Decl., ¶ 6.) Jones was personally served with both subpoenas on August 20, 2015. (*Id.*, ¶ 5, Ex. 3.) Jones thus had ample time

to comply with them. No party objected to the subpoenas. There is no reason to delay enforcement of the subpoenas.

### D.  Jones' Evasions.

Social Wellness, Kang and Jones have not appeared in the Illinois case, despite never contesting service of process. On August 17 and 18, 2015, Plaintiff issued subpoenas pursuant to Fed. R. Civ. P. 45, commanding Jones to appear for a deposition in Hemet, CA on September 17, 2015, and produce documents in accordance with an attached rider. (Piper Decl., ¶ 3, Ex. 1.) Jones was personally served with the subpoenas by a process server on August 20, 2015. (*Id.*, ¶ 4, Ex. 2.) Since being served with the subpoenas, Jones has not given his deposition, produced any documents, or otherwise responded to Plaintiff's attempts to obtain information from him. (*Id.*, ¶ 6.) Indeed, he has not responded at all to the subpoenas. All attempts to reach him have failed. (*Id.*, ¶¶ 7-8.)

## II.  LEGAL ARGUMENT

### A. The Court should compel Jones to comply with the subpoenas and hold him in contempt if he continues to ignore Plaintiff's subpoenas.

Fed. R. Civ. P. 45 permits Plaintiff to serve a subpoena duces tecum on a party. *Cunningham v. Connecticut Mut. Life Ins.*, 845 F. Supp. 1403, 1410 (S.D. Cal. 1994) ("A subpoena *duces tecum* may be served on a party to the lawsuit or a third person.") If the subpoenaed party raises an objection to the subpoena, the serving party may move for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i). However, if the subpoenaed party completely ignores the subpoena, the court may hold them in contempt for failure to obey the subpoena without an adequate excuse. Fed. R. Civ. P. 45(g).

### 1. The properly-issued subpoena has the same force as a court order.

"Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court." *Morguita-Johnson v. City of Fresno*, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015), *citing SEC v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010); *Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009 WL 605789, at *1 (C.D. Cal. Mar. 9, 2009) ("Even though subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as orders of the Court."); Fed. R. Civ. P. 45, Advisory Committee notes for 1991 Amendment ("Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is nevertheless an act in defiance of a court order and exposes the defiant witness to contempt sanctions.") Fed. R. Civ. P. 45 requires that a subpoena be issued from the court where the action is pending and that it be served by delivering a copy to the named person.

The subpoenas here were properly issued and served on Jones. Each subpoena was issued from the Northern District of Illinois, the court where the underlying action is pending, in accordance with Fed. R. Civ. P. 45(a)(2). (Piper Decl., Ex. 1.) Jones was personally served by a process server on August 20, 2015 with subpoenas for documents and for his deposition in accordance with Fed. R. Civ. P. 45(b). (Piper Decl., Ex. 2.)

Further, both subpoenas complied with the 100 mile limit contained in Fed. R. Civ. P. 45 because they do not require Jones to travel more than 100 miles to comply. "[T]he 100 mile limit . . . applies to travel by a subpoenaed person, but a person commanded to produce documents need not appear in person at the place of production or inspection." *Wahoo Int'l, Inc. v. Phix Doctor, Inc.*, 2014 WL 3573400, at *4 (S.D. Cal. Jul. 18, 2014), *quoting Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 138 (D.D.C. 2009)

4
Motion to Compel Compliance with Subpoenas

(enforcing a subpoena and rejecting the argument that it was invalid because it required production of documents at a location more than 100 miles away). Rule 45 explicitly states that "[a] person commanded to produce documents, electronically stored information, or tangible things . . . need not appear in person at the place of production. Fed. R. Civ. P. 45(d)(2)(A). Indeed, the majority of courts that have addressed the issue of a subpoena that requires production of documents more than 100 miles away have held that the subpoena should be enforced. *U.S. Bank Nat'l Ass'n v. James*, 264 F.R.D. 17, 19-20 (D. Me. 2010) (collecting cases).

The subpoena requiring Jones to appear for his deposition complies with the 100 mile limit because it only required him to travel six miles to sit for his deposition. (Piper Decl., Ex. 2.) The subpoena requiring Jones to produce documents to Bock & Hatch, LLC in Chicago also complied with 100 mile limit because Jones was not required to appear there in person to produce documents. Fed. R. Civ. P. 45(d)(2)(A). Because Jones was not required to appear in Chicago to produce the requested documents, the subpoena did not require him to travel more than 100 miles. In any event, Jones could have provided the requested documents at his deposition, which was only six miles away.

The subpoenas to Jones were properly issued, properly served, and otherwise complied with all of the requirements of Fed. R. Civ. P. 45. Therefore, they should be given the same effect as a court order.

### 2. Jones should be ordered to show cause for failing to obey the subpoenas and held in contempt if he continues to ignore them.

The purpose of civil contempt is to "compel obedience to a court order." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Contempt is characterized as "civil in nature when the sanction

imposed is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public." *Id.*

"Courts have inherent power to enforce their orders through civil contempt." *Bademyan*, 2009 WL 605789, at *1. The Ninth "Circuit's rule with regard to contempt has long been whether the defendants have performed 'all reasonable steps within their power to ensure compliance.'" *Stone v. City and Cnty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), *quoting Sekaquaptewa v. MacDonald*, 544 F.2d 396, 404 (9th Cir. 1976). "The party moving for contempt bears the burden of establishing by clear and convincing evidence that the contemnor has violated a specific and definite order of the court." *Bademyan*, 2009 WL 605789, at *2 (*citing Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997) (among others)). "In assessing whether an alleged contemnor has taken 'every reasonable step' to comply with the terms of a court order, the district court can consider (1) a history of noncompliance and (2) a failure to comply despite the pendency of a contempt motion." *Bademyan*, 2009 WL 605789, at *2 (*citing Stone*, 968 F.2d at 857). "The contempt need not be willful . . . and a party's subjective intent is irrelevant." *Id.* at *2.

Here, Plaintiff seeks to compel Jones to obey the subpoenas, and requests that the court order Jones to show cause and hold him in civil contempt if he fails to do so. Jones has not performed all reasonable steps within his power to comply with the subpoenas. In fact, after being served over four months ago, Jones has completely ignored the subpoenas. (Piper Decl., ¶¶ 4 and 6, Ex. 2.) The properly issued and served subpoenas imposed clear and definite requirements for Jones to appear for a deposition and to produce documents to Plaintiff. The subpoena for Jones' deposition specified the date, time, and place for Jones to appear. (*Id.*, Ex. 1.) The subpoena for

documents contained a very specific list of the documents that Plaintiff was requesting Jones to produce. (*Id.*)

Rather than object to or comply with the subpoenas, Jones has simply ignored them. (*Id.*, ¶ 6.) Because the subpoenas are tantamount to a court order, the court should use its inherent powers and order Jones to show cause why he has not complied with them. If Jones still fails to respond, the Court should hold him in contempt.

### 3. The Court should order Jones to comply with the subpoenas or face sanctions.

Sanctions for civil contempt can coerce compliance or compensate the party seeking compliance "for injuries resulting from the contemptuous behavior, or both." *Bademyan*, 2009 WL 605789, at *3. Attorneys' fees and costs can be imposed against a party held in contempt. *Id.* at *4. "A civil contempt order must include a 'purge' condition which provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due." *Moore v. Chase, Inc.*, 2015 WL 5732805, at *3 (E.D. Cal. Sept. 29, 2015).

Here, Jones has completely ignored Plaintiff's subpoenas. (Piper Decl., ¶ 6.) The Court should order Jones to show cause why he has not complied with the subpoenas. If Jones still fails to comply, the Court should require him to pay Plaintiff's attorneys' fees and costs involved in obtaining his compliance and impose any other sanctions it deems proper under the circumstances. Plaintiff has incurred significant expenses in bringing this motion and attempting to obtain Jones's compliance with the properly issued and served subpoenas. Therefore, the Court should impose sanctions on Jones if he chooses to continue to ignore the subpoenas.

### B. The Court should transfer this matter to the Northern District of Illinois for the Judge presiding over this case generally to enforce.

Rule 45 requires that the subpoena be "issue[d] from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, "[t]he court for the district where compliance is required—and also, after a motion is transferred, the issuing court"—can hold in contempt a non-compliant party. Fed. R. Civ. P. 45(g). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Further, "[t]o enforce its order, the issuing court may transfer the order to the court where the motion was made." *Id.*

"In the absence of consent, the court may transfer in exceptional circumstances." Fed. R. Civ. P. 45(f), Advisory Committee notes to 2013 Amendment. "The prime concern should be avoiding burdens on local nonparties." *Id.* "[E]xceptional circumstances include situations in which transfer is 'warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion.'" *Moon Mountain Farms, LLC v. Rural Community Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014), *quoting* Fed. R. Civ. P. 45(f), Advisory Committee notes to 2013 Amendment. Courts that have addressed motions to transfer under Rule 45(f) have found exceptional circumstances in a variety of contexts, including (1) where there was already a production order in the issuing court; (2) where ruling on the motion risked an inconsistent ruling that would disrupt the underlying litigation; (3) where the issuing court already ruled on issues in the motion;

and (4) where the judge in the underlying litigation was more familiar with the issues involved. *See id.* (collecting cases).

Here, the concerns about burdening a local nonparty subject to a subpoena are not present because Jones is a party to the Illinois Action. (Illinois Action, ECF No. 36.) Further, exceptional circumstances exist because Plaintiff is also seeking to subpoena two other parties in this case who are connected to Jones—Social Wellness and Kang. If this matter is transferred back to the Northern District of Illinois, the judge there, who is familiar with the issues involved in this case, could ensure that consistent rulings are made across this and any subsequent issues in compelling subpoenaed information from parties to the litigation.

Moreover, Judge Shah of the Northern District of Illinois is familiar with the issues involved in this action. After Plaintiff filed its Complaint against Darden and the Social Wellness Defendants, Darden sought a preliminary injunction against Social Wellness, requesting that the court enjoin Social Wellness from using Darden's Olive Garden trademarks or other marks. *Darden Concepts, Inc. v. Mid Wilshire Consulting, Inc., d/b/a Social Wellness, et al.*, No. 15 CV 5716 (N.D. Ill.). Judge Shah presided over the injunction proceedings and entered a preliminary injunction order against Social Wellness. (*Id.*, ECF No. 15.) Darden then filed a Fed.R.Civ.P. 11 motion for sanctions against Plaintiff, arguing that Plaintiff was knowingly maintaining frivolous claims against Darden, as Darden informed Plaintiff that Jones, Kang and Social Wellness were responsible for the faxes at issue. (Illinois Action, ECF No. 39.) Darden cited the existence of the preliminary injunction order in its motion for sanctions. (*Id.*) Plaintiff successfully defeated Darden's motion for sanctions, arguing, in part, that Darden's reliance on the preliminary injunction was improper in part because Darden had failed to disclose its negotiations with Social

Wellness when it sought the order. Plaintiff also argued that its Complaint was well-grounded in law based on the evolving definition of "sender" liability under the TCPA. After reviewing the parties' lengthy submissions, Judge Shah denied Darden's request for sanctions. (Illinois Action, ECF No. 56.) Judge Shah understands the roles of the parties in the action, the theories of liability and the underlying facts, and is well-suited to enforce the subpoenas against Jones so as not to disrupt the litigation in Illinois.

Pursuant to Fed. R. Civ. P. 45(f) and (g), the court in the Northern District of Illinois can hold Jones in contempt and also can enforce any contempt order issued by this Court. Therefore, under these circumstances, transferring this matter back to the Northern District of Illinois is appropriate.

## VI. CONCLUSION

For the foregoing reasons, the Court should order Defendant Jones to comply with Plaintiff's subpoenas and hold him in contempt of Court if he continues to ignore them. Further, the Court should transfer this motion to the issuing court, the Northern District of Illinois.

Dated: January 27, 2016

Respectfully submitted,
DIAZ LAW
BOCK & HATCH, LLC


/s/ *Denise L. Díaz*
Denise L. Díaz

Attorneys for Plaintiff
HELPING HAND CAREGIVERS, LTD.