UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: MC 16-00011 BRO (RAO)     Date: February 17, 2016
Title: Helping Hand Caregivers Ltd. v. Darden Corporation, et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**     (In Chambers) **ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER [1, 13]**

## I.  Factual and Procedural Background

On December 17, 2014, Plaintiff Helping Hand Caregivers Ltd. ("Plaintiff") filed an action against Darden Corporation ("Darden"), Brian J. Kang ("Kang"), and Mid Wilshire Consulting, Inc. d/b/a Social Wellness ("Social Wellness") in the United States District Court for the Northern District of Illinois.  Plaintiff amended its complaint on July 10, 2015, adding Greg M. Jones ("Jones") as a defendant.   Plaintiff alleges that the Defendants violated the Telephone Consumer Protection Act and the Illinois Consumer Fraud and Deceptive Business Practices Act by sending unsolicited fax advertisements and without including a proper opt out notice.  Darden is the only defendant that has appeared in the case to date.

On August 20, 2015, Jones was personally served with a subpoena requiring him to appear for a deposition on September 17, 2015 at 10:00 a.m. in Hemet, California.  (*See* Ex. 2 to Declaration of Jonathan A. Piper ISO Motion to Compel ("Piper Decl."), ECF No. 13-2 at 19-29; Ex. 3 to Piper Decl., ECF No. 13-2 at 31.)  Jones was also personally served with a subpoena requiring him to produce documents by September 18, 2015 at 5:00 p.m. to Bock & Hatch, LLC in Chicago, Illinois.  (*See* Ex. 2 to Piper Decl., ECF No. 13-2 at 8-18; Ex. 3 to Piper Decl., ECF No. 13-2 at 31.)  Jones did not appear for his deposition or respond to the two subpoenas.  (*See* Piper Decl., ECF No. 13-2, ¶¶ 7-8.)

On January 27, 2016, Plaintiff filed the instant Motion to Compel Compliance with Subpoenas and Motion to Transfer in this Court.  (ECF No. 1.)  Plaintiff filed corrected motions and their supporting documents on February 8, 2016.  (ECF No. 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: MC 16-00011 BRO (RAO)  Date: February 17, 2016
Title: Helping Hand Caregivers Ltd. v. Darden Corporation, et al.

**II.     Discussion**

Federal Rule of Civil Procedure 45(a)(2) provides that a subpoena is issued by the court in which the action is pending. Motions to enforce or quash a subpoena, on the other hand, can be brought in the district where compliance is required. *See* Fed. R. Civ. P. 45(d)(3). However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

The advisory committee's note to Federal Rule of Civil Procedure 45(f) provides some guidance as to when exceptional circumstances may be found:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

Here, the subpoenas were issued by the United States District Court for the Northern District of Illinois. (*See* Ex. 2 to Piper Decl., ECF No. 13-2 at 8-29.) Plaintiff filed its Motion to Compel Compliance with Subpoenas and Motion to Transfer in this Court where compliance is required. Furthermore, Jones has not filed an Opposition or otherwise responded to Plaintiff's motions. Therefore, the Court finds that Jones' failure to file an Opposition is deemed consent to the granting of Plaintiff's Motion to Transfer under Rule 45(f). *See* L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion …").

In any event, the Court also finds that exceptional circumstances exist warranting the transfer of Plaintiff's Motion to Compel Compliance based on judicial economy and efficiency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | MC 16-00011 BRO (RAO) | Date: | February 17, 2016 |
| Title: | Helping Hand Caregivers Ltd. v. Darden Corporation, et al. | | |

*See, e.g.*, *Argento v. Sylvania Lighting Servs. Corp.*, Case No. 15-CV-1277-JAD, 2015 WL 4918065, at *7 (D. Nev. Aug. 18, 2015) (granting transfer because it "advances judicial economy, avoids the potential for inconsistent rulings, and prevents disruption of the management of the underlying litigation"); *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) ("[C]ourts have found exceptional circumstances warranting transferring subpoena-related motions to quash when transferring the matter is in the interests of judicial economy and avoiding inconsistent results.") (quotations and citation omitted). The Northern District of Illinois has scheduled a hearing for April 1, 2016 regarding the status of the Defendants who have not appeared in the underlying matter, including Jones. *See Helping Hand Caregivers Ltd. v. Darden Corp.*, Case No. 14-CV-10127, ECF No. 61 (N.D. Ill. Feb. 2, 2016). Plaintiff's Motion to Compel would thus be better decided by the court with control over the disposition of the underlying case. The Northern District of Illinois is also familiar with some the topics listed in the subpoenas, pertaining to the roles of the Defendants in sending unsolicited fax advertisements, in light of Darden's motion for sanctions. *See id.*, ECF Nos. 39, 52-56.

In addition, judicial economy is advanced by a transfer of Plaintiff's Motion to Compel because it is unclear whether this Court, as opposed to the Northern District of Illinois, has jurisdiction to compel Jones' compliance with the subpoenas. Courts are divided as to whether a Rule 45 subpoena may be properly served on a party. *See, e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, Case No. 09-CV-61436, 2014 WL 1047411, at *3 (S.D. Fla. Mar. 18, 2014) (stating that courts "are divided on the issue" of whether a Rule 45 subpoena may be properly served on a party). And while a majority of courts have allowed a Rule 45 subpoena to be served on a party, they have also held that the subpoena may not be used "to circumvent rule 34 or the other discovery rules." *United States v. 2121 Celeste Road SW, Albuquerque, N.M.*, 307 F.R.D. 572, 588 (D.N.M. 2015) (citations omitted); *see also Peyton v. Burdick*, Case No. 07-CV-0453-LJO, 2008 WL 880573, at *1 (E.D. Cal. Mar. 31, 2008) ("A majority of courts hold that the use of a FRCP 45 subpoena constitutes discovery, thus a party employing a FRCP 45 subpoena to obtain discovery from a party to an action must also comply with the time constraints and other requirements applicable to other methods of formal discovery.") (citation omitted). Consequently, if Plaintiff's Motion to Compel must conform to Federal Rule of Civil Procedure 37 as part of the discovery rules, then the motion may only be filed in the Northern District of Illinois. *See* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: MC 16-00011 BRO (RAO)     Date: February 17, 2016
Title: Helping Hand Caregivers Ltd. v. Darden Corporation, et al.

     Finally, any concern about Jones' burden in resolving Plaintiff's Motion to Compel in the Northern District of Illinois is minimal because he is a party to the underlying action. *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas, …").

     In light of the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Transfer is GRANTED. The Clerk of the Court is DIRECTED to transfer Plaintiff's Motion to Compel Compliance with Subpoenas and related filings (ECF Nos. 1, 13) to the United States District Court for the Northern District of Illinois.

     Further, the Court VACATES the hearing on Plaintiff's Motion to Compel Compliance with Subpoenas and Motion to Transfer for February 24, 2016.

     **IT IS SO ORDERED.**

                                                                                                       :

Initials of Preparer     gr